Lardner v. Windle.

HUBERT LARDNER v. JAMES WINDLE *et al.*

NO. 90.

DISMISSAL OF CAUSE—*Effect of Stipulations.* Where issues are joined and the parties have entered into written stipulations and filed them in court, agreeing that the case is to be submitted to the court without a jury, decided upon documents then on file in the court, and taken up by the court at the pleasure of the judge, without reference to the presence of attorneys or either party, and the judge's attention has been called to the stipulation, it is error for the court, in the absence of the attorney for plaintiff, to dismiss the action for want of prosecution and render judgment against the plaintiff for costs ; the court should have taken up the case in accordance with the stipulations, and decided it on its merits.

MEMORANDUM.— Error from Bourbon district court ; S. H. ALLEN, judge. Action by Hubert Lardner against James Windle and others to restrain the officers of

school district No. 110, Bourbon county, from issuing
bonds. Judgment for defendants. Plaintiff brings
the case to this court. Reversed. The opinion herein,
filed July 13, 1896, states the material facts.

*C. E. Cory*, for plaintiff in error.
*Pritchard & Sheppard*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : In September, 1890, 'the plaintiff
in error commenced this action in the district court
of Bourbon county, Kansas, to restrain the officers of
school district No. 110, Bourbon county, Kansas, from
issuing bonds of said district in the sum of $500 to
build a schoolhouse in said district. The petition for
the injunction alleges that the officers of said district
made an improper and untrue return of an election
held in said district to decide whether said district
should issue its bonds to build a schoolhouse in said
district, and knowing said return to be false, and,
knowing said bonds to have been illegally voted, pro-
ceeded to issue, and did issue, said bonds, and were
about to dispose of the same and use the proceeds to
build a schoolhouse. It contained other and neces-
sary allegations, and was sufficient to authorize the
granting of an injunction. It prayed for an injunction
perpetually to restrain the school board from selling
said bonds, or proceeding further in any way under guise
of the authority claimed by it to be derived from said
vote, and for costs and such other proper equitable re-
lief as plaintiff was entitled to. Afterward the defend-
ants filed their answer to said petition, generally and
specifically denying all the allegations therein. The
case was tried on the issues joined between the parties
by Judge WEST, without a jury, and upon all the evi-

dence the court found the issues in favor of the plaintiff and made the injunction perpetual, and adjudged the costs against the defendants. A motion was filed by the defendants for a new trial, and, while the motion was still pending, Judge West's term of office expired, and he was succeeded by Judge Allen, who sustained it *pro forma*, to which plaintiff excepted.

Afterward, on the 28th day of September, 1891, while said cause was pending for a new trial, the plaintiff filed a motion to dismiss the case at defendants' cost, and, to support the motion, introduced a resolution adopted by the voters of said school district at its annual school meeting in 1891, with proof of the adoption of said resolution by a tally-list of the votes cast at said election for and against the same, showing that 16 votes were cast for the resolution and 7 votes against it. The resolution was as follows:

" *Resolved*, That the school board of this district are hereby authorized, empowered and directed to immediately discontinue the defense of the action or proceeding now pending in the district court of Bourbon county, Kansas, wherein J. M. Humphrey, as county attorney, is plaintiff, and James Windle and other members of the then school board of this district are and were defendants; and be it further

*Resolved*, That we, school district No. 110, do hereby concede, as far as this district is concerned, the right claimed by the plaintiff in asking for an injunction restraining the issue of schoolhouse bonds; and we denounce the action of the said defendants in contesting said suit as having been against rights and the interest of said district; and we do deny any liability of said district for costs in the said action; and do claim that a taxation of costs against said district would be unwarranted; and we do authorize the clerk of said district to file in said suit a withdrawal from said action and a stipulation that no such bonds shall

be issued by this district as set forth in plaintiff's petition upon any bond vote heretofore had in said district.''

" The above resolution was moved by J. R. Willett and seconded by Joseph Mercer at the annual meeting held in district No. 110, Bourbon county, Kansas, July 30, 1891. The resolution was adopted by 16 votes in the affirmative and 7 votes in the negative."

The court heard the evidence and overruled the motion to dismiss said suit at defendants' cost, and plaintiff duly excepted. Thereafter, while said case was still pending, the attorneys for both parties entered into an agreement in writing, and filed the same in said case, which is as follows:

" It is agreed that the above case shall be submitted to the court and decided upon the evidence taken in the case at the former trial by shorthand by the court stenographer; and also that the defendants may introduce evidence concerning Farrell's children as to where they attended school during the time in controversy, and the plaintiff may do the same, and as regards Farrell's residence at that time and since. The passage of the resolution by the school district is admitted, as shown by the Lardner affidavit."

On October 1, 1891, they made the following supplemental agreement:

" This case is to be submitted on the Brooks statement, Lardner affidavit as to school-district resolution, and the stenographer's notes of former trial."

At the same time it was agreed between the attorneys that the case should be submitted under said written agreements whenever the court could hear it, without regard to the presence or absence of attorneys. The written agreements were filed in the case, and all the papers, documents and evidence therein mentioned were in the court-room all the time during the September term, under the control of the court. The judge was advised of said written agreements, and

also the verbal agreements of the attorneys to submit in absence of attorneys, and he was told that the case might be taken up by him at any time. On October 7, 1891, at the September term, at the morning session of the court, the defendants' attorneys called up the case, in the absence of plaintiff's attorney, and demanded a trial, and, the plaintiff's attorney not being present, the case was postponed until the afternoon session, at which time attorneys for defendants again demanded trial of the case, and plaintiff's attorney still being absent, the court dismissed the case for want of prosecution, and rendered judgment therein against the plaintiff for all costs of suit, amounting to the sum of $120. The plaintiff filed a motion to set aside the judgment of dismissal and for costs of suit, and to reinstate the case and proceed according to the written agreements of the parties. The motion was overruled, plaintiff excepted, and a second motion was filed by plaintiff to set aside the judgment and reinstate the case, which was overruled, and. excepted to by plaintiff, and the case is brought here for review.

The court erred in dismissing this case and rendering judgment against the plaintiff for costs of suit, for a failure to prosecute his action. When the parties had stipulated in writing and filed in court agreements to submit the case to the court for a trial on the documents then in court, the court to take the case up at any time that it was convenient, without regard to the presence of attorneys, and to decide the same under the written stipulations, it should not be said that the plaintiff had failed to prosecute his action. The court should have taken the stipulations and pleadings and documents and stenographer's notes, and decided the case on its merits.

The judgment is reversed, and the case remanded to

the district court, with directions to set the judgment for costs aside and to render judgment of dismissal at the defendants' cost, in accordance with the resolutions passed by the district at its annual meeting.

All the Judges concurring.